*United States Bankruptcy Court*
*District of Massachusetts*

In re:                                              )
                                                    )
ANREW J. BRYAN,                                     )      Chapter 7
                          DEBTOR.                   )      Case No.09-41802 -JBR
_____)

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 49]**

This matter having come before the Court on the United States Trustee's Motion to Reconsider [# 49] (the "Motion") filed on January 8, 2010 and seeking reconsideration of the Court's order, also entered on January 8, 2010 [# 48], denying the UST's Motion to Extend Discovery Deadline [# 44]. After due consideration of the Motion, the Motion to Extend Discovery Deadline, the Court's Order of January 8, 2010, and other pleadings relevant to this matter, the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. "[T]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

2. The Motion fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome. Instead the Motion offers some explanations why the UST could not meet the discovery deadline although the underlying Motion to Extend is devoid of any basis for the extension.

3. Moreover, the facts surrounding the Motion to Extend, including and perhaps especially the chronology, as set forth below demonstrate that granting an extension is unfair to the Debtor and undermines his right to a discharge because of the UST's lack of attention to this case.

4. On May 8, 2009 the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The first meeting of creditors was scheduled for and conducted on June 11, 2009; the last day to oppose the Debtor's discharge was set at August 10, 2009. On Monday, June 22, 2009 the UST filed a determination of presumed abuse under 11 U.S.C. § 707(b)(2). The statement was timely filed as required by 11 U.S.C. § 704(b)(1).[1]

5. On July 22, 2009, the last day on which the UST could file a Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. § 707(b)(2) and to Extend Time to Object to Discharge Pursuant to 11 U.S.C. § 727 and Move to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(3) [# 26] ("Motion to Dismiss"),[2] she filed such a motion and in it also sought to extend the deadline for filing an objection under 11 U.S.C. § 707(b)(3) by 90 days from the date of the Court's order on

---

[1] 11 U.S.C. § 704(b)(1) gives the UST 10 days after the section 341 meeting of creditors in which to file a statement as to whether the Debtor's case would be a presumed abuse under § 707(b).

[2] 11 U.S.C. § 704(b)(2) gives the UST 30 days after the filing of a statement of presumed abuse under § 704(a)(1) in which to file either a motion to dismiss or a statement why the UST does not consider the filing of a motion to dismiss appropriate.

2

the Motion to Dismiss.

6. On August 12, 2009 the Debtor filed an affidavit in opposition [# 30] to the Motion to Dismiss, along with amended schedules I and J and an amended means test [#29] and on August 20, 2009 filed a Motion to Strike the Motion to Dismiss [# 33] on the grounds that the Statement of Presumed Abuse was untimely. The Court scheduled a non-evidentiary hearing on the Motion to Dismiss for September 17, 2009.

7. On September 16, 2009 the UST, through her counsel, filed an assented-to motion to continue the September 17, 2009 hearing date for one or two weeks [# 35] on the grounds "that, from Monday September 14 through Thursday, September 17, counsel for the UST is required to attend a seminar at the National Advocacy Center in South Carolina." The hearing was continued to September 24, 2009.

8. On September 23, 2009 the UST filed an untimely response [# 38] to the Debtor's Motion to Strike the Statement of Presumed Abuse. The Debtor withdrew the Motion to Strike at the September 24, 2009 hearing.

9. On September 24, 2009 the Court entered a Contested Matter Prehearing Order [# 40] which, among other things, ordered discovery to be completed by December 28, 2009 and a Joint Pretrial Memorandum to be filed by January 28, 2010.

10. On October 9, 2009 the parties filed their Certification of Rule 26(f) Conference [#43] in which the UST set forth her discovery plan as follows:

- The UST intends to serve Requests for Admission on the Debtor, as well as Interrogatories and requests for Production of Documents.

- The UST intends to depose the Debtor.

- The UST reserves the right to conduct other depositions as needed, and within the time contemplated by the Court's Contested Matter Prehearing Order.

11. The Debtor stated he did not intend to conduct any discovery but reserved the right to do so if needed and within the time prescribed by the Contested Matter Prehearing Order.

12. On December 28, 2009, the UST filed a Motion to Extend Discovery Deadline [#44]. The single paragraph in the Motion to Extend Discovery Deadline reads in its entirety as follows:

> The United States Trustee ("UST") moves for an extension of the December 28, 2009 discovery deadline for the evidentiary hearing in the above captioned case as set by this Court's prehearing order [ Doc. # 40], in order that she may conduct the deposition upon oral examination of the Debtor on January 22, 2010 as noticed.

13. On December 30, 2009 the Debtor filed his opposition [# 45] in which he averred that "[p]rior to the expiration of the [discovery] deadline, the United States Trustee did not serve any discovery requests or notice any depositions." The opposition further notes that since the filing of the bankruptcy petition, the Debtor relocated his family to North Carolina and suffered additional financial hardships which he described with some particularity in the opposition. The Debtor also stated that counsel for the parties "have met and discussed the case on the phone at length, and counsel offered to produce the Debtor for a deposition over the Holidays when he might have been able to combine a trip back to Massachusetts with other purposes."

14. The Court scheduled a hearing on the Motion to Extend Discovery Deadline for January 14, 2010.

15. On January 6, 2010 the Debtor filed a Notice of Withdrawal of Objection and Assent to United States Trustee's Motion to Extend Discovery Deadline [# 47] which offers no explanation for the Debtor's change of heart.

16. On January 8, 2010 the Court entered the following order on the Motion to Extend Discovery Deadline:

> DENIED. NO REASON IS GIVEN WHY DISCOVERY WAS NOT AND/OR COULD NOT BE COMPLETED BEFORE THE DISCOVERY DEADLINE. JOINT PRE-TRIAL MEMO IS DUE AS ORIGINALLY ORDERED. HEARING SCHEDULED FOR 1/14/10 IS CANCELLED.

17. The UST seeks reconsideration and notes that her Motion to Extend Discovery Deadline was timely, as it was filed on December 28, 2009. Putting aside the fact that the Court's CM/ECF system reflects the fact that the Motion to Extend Discovery Deadline was received at 4:40 P.M. on December 28, 2009 and thus it was *not* timely,[3] the UST ignores her failure to provide any statement in support of the Motion to Extend Discovery Deadline. She simply assumes that the Court will rubber-stamp her request, especially once the Debtor, for whatever reason, withdrew his opposition. Such action is not in keeping with the Federal Rules of Bankruptcy Procedure and is unfair to the poor but honest debtor who is entitled to receive his discharge in a timely fashion, rather than be held hostage to the demands of the UST.

---

[3] MLBR App.8 Rule 3(c) provides in pertinent part:
  A document may be filed at any time, except that:
  ***
  (2) where the Court orders that filing must be completed by a specific date but does not specify the time, entry of the document into the ECF System must be completed before 4:30 p.m. Eastern Standard (or Daylight, if applicable) Time in order to be deemed timely filed.

18. Fed. R. Bankr. P. 9006(1) provides:

> *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

19. Thus, if the Motion to Extend Discovery Deadline were timely, the UST would need to establish cause for granting her an extension. She did not do so. Not only did she not give any statement of reasons for her request, as the Debtor's opposition made clear, she had not undertaken *any* discovery.

20. If, as it appears, the Motion to Extend Discovery Deadline was filed after the deadline to complete discovery, a statement demonstrating excusable neglect is required. None was proffered.

21. The Court notes that the Motion now before the Court attempts to offer explanations for extending the discovery deadline but, as noted above, it is too late to raise reasons that were well known to the UST and could have been offered earlier. Moreover, the proffered explanations do not justify extending discovery when the UST has not undertaken any discovery in this case. That the Debtor relocated to North Carolina does not justify extending the deadline, especially when, according to the Debtor's opposition, there were telephone conversations

between counsel for the parties.  The Court wonders when the relocation occurred and whether the UST learned of the relocation before it occurred; certainly if she knew prior to the move, her efforts could have and should have been directed to deposing the Debtor.  Moreover, she now states she learned that the Debtor did not return to Massachusetts over the holidays.  The Debtor's opposition to the Motion to Extend Discovery Deadline never said he was in Massachusetts over the holidays, only that if the UST had informed his counsel that she wanted to depose the Debtor, he might have been able to arrange to be in the state at some point over the holidays.

22.  That counsel for the UST had to participate in a week-long trial out of this District during the month of December informs that she again could have and should have planned to conduct the Debtor's deposition prior to December.  Counsel could not have learned of a week-long trial on the eve of the trial.

23.  Finally the UST's statement that she is not seeking an extension of the January 28, 2010 deadline for the filing of the Joint Pretrial Memorandum is puzzling.  How the UST thought she could conduct a deposition on January 22, 2010, which the Debtor's opposition states hadn't even been noticed, despite the UST's statement to the contrary, and file a Pretrial Memorandum six days later is baffling.

For the foregoing reasons, the Motion is hereby DENIED.

*Joel B. Rosenthal*

Dated: January 11, 2010

                             Joel B. Rosenthal
                             United States Bankruptcy Judge.